■ In the Matter of the Claim of EDWARD M. SPENCER, Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.— MEMORANDUM BY THE COURT. Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 6, 1965, which determined that claimant voluntarily left his employment without good cause by provoking his discharge. Claimant was employed as a porter by a building cleaning contractor from September 10, 1964 to January 28, 1965. He was required to work from 5:30 P.M. to 1:30 A.M. Monday through Friday of each week. His salary was paid on Thursday nights. Claimant was absent from work on the following Fridays, October 2, October 23 and December 18, 1964. After each of these absences, he was informed of the requirement of calling in if he was to be absent to inform the employer so that a replacement could be obtained. After the absence of December 18, 1964, he was warned that if he again failed to call in he would be discharged. Claimant was absent again on Friday, January 29, 1965, and again failed to call in. On February 1, 1965, the following Monday, he was discharged. The claimant testified that on January 29, 1965 his wife attempted to call between 6:00 P.M. and 6:30 P.M., and that he attempted to call later, but there was no answer. His supervisor testified that there was someone available at all times to answer the telephone. A clear question of fact was presented, and there is substantial evidence to support the board's determination that he was discharged for continued absenteeism, and for failure to report his absence in accordance with the rules known to him. (*Matter of Votteler* [*Catherwood*], 18 A D 2d 1122.) Since the record supports the board's determination of this factual question, the board's determination is final and may not be disturbed. (*Matter of Hueber* [*Catherwood*], 24 A D 2d 781; *Matter of Williams* [*Catherwood*], 27 A D 2d 886.) Decision affirmed, without costs. Gibson, P. J., Reynolds, Aulisi, Staley, Jr., and Gabrielli, JJ., concur in memorandum by the court.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. WILLIAM TORRES, Appellant, v. JAMES J. MORROW, as Director of Woodbourne Rehabilitation Center, Respondent.— REYNOLDS, J. Appeal from a judgment of the Supreme Court, Sullivan County, entered February 2, 1968, which dismissed a writ of habeas corpus. The trial court found that relator is "a narcotic addict within the meaning of section 201 of the Mental Hygiene Law and should not be discharged at this time" and we find no reason to disturb this factual determination. As to relator's other contentions, substantially the same arguments raised here were rejected by this court in *People ex rel. Gordon* v. *Murphy* (30 A D 2d 358). (See, also, *People ex rel. Rivera* v. *Murphy*, 30 A D 2d 900.) Any additional claims raised we find insubstantial. Judgment affirmed, without costs. Herlihy, J. P., Reynolds, Aulisi, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Reynolds, J.